UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK BURKETT ET AL.,

    Plaintiff,                  CIVIL ACTION NO. 05-CV-72110-DT

vs.                          DISTRICT JUDGE PATRICK J. DUGGAN

HYMAN LIPPITT, P.C.,        MAGISTRATE JUDGE MONA K. MAJZOUB
ET AL.,

    Defendants,
_____

JENNIFER ADAMS, ET AL.,

    Plaintiff,                  CIVIL ACTION NO. 05-CV-72171-DT

vs.                          DISTRICT JUDGE PATRICK J. DUGGAN

HYMAN LIPPITT, P.C.,        MAGISTRATE JUDGE MONA K. MAJZOUB
ET AL.,

    Defendants,
_____

WILLIAM CLIFF, ET AL.,

    Plaintiff,                  CIVIL ACTION NO. 05-CV-72221-DT

vs.                          DISTRICT JUDGE PATRICK J. DUGGAN

HYMAN LIPPITT, P.C.,        MAGISTRATE JUDGE MONA K. MAJZOUB
ET AL.,

    Defendants,
_____/

## ORDER REQUIRING DEFENDANTS TO PRODUCE DOCUMENTS FOR IN CAMERA INSPECTION

    In each of the above captioned cases, Defendant Hyman Lippitt has been sued for its involvement in an allegedly illegal business scheme with an offshore financial services company.

Before the Court are three substantially identical motions filed on March 29, 2006 by Defendant Hyman for a protective order. Also at issue are three substantially identical motions filed by Plaintiffs to compel complete discovery responses from Hymann Lippitt. The parties have fully briefed all of the motions, and the Court has set oral argument for May 15, 2006.

In their motions to compel, Plaintiffs seek to discover communications between lawyers at Hyman Lippitt and several other entities. Defendant maintains, in its motions for a protective order and in its responses to Plaintiffs' motions to compel, that the communications are protected by the attorney client and work product privileges. Plaintiffs maintain that the privileges do not apply. In its responses to Plaintiffs' discovery requests and in pleadings before this Court, Defendant has produced a privilege log identifying the documents which it claims are protected by the attorney client and work product privileges. While the parties have ably presented their positions in written pleadings before the Court, the privilege claims cannot be adequately resolved without inspection of the subject documents. Therefore, Defendant Hyman Lippitt is **ORDERED** to produce to the Court, under seal, all documents identified in the privilege log for *in camera* inspection by 1:00 pm on May 10, 2006.

**IT IS SO ORDERED.**

Dated: May 05, 2006             s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


**Proof of Service**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: May 05, 2006             s/ Lisa C. Bartlett
                                Courtroom Deputy