UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER ADAMS, et al.,
    Plaintiffs,

v.

HYMAN LIPPITT, P.C., et al.,
    Defendants,

and

HYMAN LIPPITT, P.C., et al.,                            Case No. 05-72171
    Third-Party Plaintiffs,

                                                                              Honorable Patrick J. Duggan

v.

KEITH MOHN, et al.,
    Third-Party Defendants.
_____/

JACK BURKET, et al.,
    Plaintiffs,

v.

HYMAN LIPPITT, P.C., et al.,
    Defendants,

and

HYMAN LIPPITT, P.C., et al.,
    Third-Party Plaintiffs,

v.

KEITH MOHN, et al.,                                                  Case No. 05-72110
    Third-Party Defendants.
_____/        Honorable Patrick J. Duggan

WILLIAM CLIFF, et al.,
    Plaintiffs,

v.

HYMAN LIPPITT, P.C., et al.,
    Defendants,

and

HYMAN LIPPITT, P.C., et al.,
    Third-Party Plaintiffs,

v.

KEITH MOHN, et al.                     Case No. 05-72221
    Third-Party Defendants.

                                    Honorable Patrick J. Duggan

**OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR A SEPARATE TRIAL OF CLAIMS ASSERTED IN FIRST AMENDED COMPLAINT FROM CLAIMS ASSERTED IN COUNTER AND THIRD-PARTY COMPLAINT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 14, 2006.

    PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                           U.S. DISTRICT COURT JUDGE

This matter is before the Court in three separate, but related suits alleging Exchange Act and state law violations: *Burket et al. v. Hyman Lippitt, P.C. et al.*, Case No. 05-72110; *Adams et al. v. Hyman Lippitt, P.C. et al.*, Case No. 05-72171; and *Cliff et al. v. Hyman Lippitt P.C., et al.*, Case No. 05-72221. On June 12, 2006, Third-Party Plaintiff Hyman Lippitt, P.C. ("Hyman Lippitt") filed First Amended Third-Party Complaints in all three suits alleging state law violations and seeking contribution, indemnification, and allocation of

2

responsibility under state and federal law. On August 4, 2006, Plaintiffs, in all three suits, filed a Motion for Separate Trial of Claims Asserted in the First Amended Complaint from Claims Asserted in Counter and Third-Party Complaint pursuant to Federal Rule of Civil Procedure 42(b). Third-Party Plaintiffs Keith and Laurence Mohn have joined the motion for separate trials.

## I.   Standard of Review

Federal Rule of Civil Procedure 42(b) provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

FED. R. CIV. P. 42(b). "Only one of these criteria need be met to justify bifurcation" and the decision to bifurcate is within the discretion of the district court. *Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). "Rule 42(b) is intended to further convenience, avoid delay and prejudice, and serve the ends of justice. It is the interest of efficient judicial administration that is to be controlling, rather than the wishes of the parties." *In re Benedictin Litigation*, 857 F.2d 290, 308 (6th Cir. 1988). Consequently, the decision to bifurcate is "dependent on the facts and circumstances of each case." *Saxion*, 86 F.3d at 556 (citations omitted).

## II.   Discussion

Plaintiffs contend that trying the third-party claims together with those in the First

Amended Complaint will complicate and substantially lengthen trial.  First, Plaintiffs argue that the contribution claims, which according to Plaintiffs are the crux of the Third-Party Complaints, are predicated on the liability of the Defendants.  In addition, Plaintiffs argue that the tortious interference claim and defamation claims alleged in the Third-Party Complaints are completely unrelated to the Exchange Act and state law violations alleged in the First Amended Complaint.  Third-Party Defendants Keith and Laurence Mohn contend that trying all claims together will deprive the third-parties from adequate discovery and that separate trials are necessitated due to the multiplicity of Plaintiffs and the lack of a uniform defense on the part of Defendants.

The Hyman Lippitt Defendants[1] contend that all claims in the Third-Party Complaints and First Amended Complaints involve common questions of law and fact.  Furthermore, the Hyman Lippitt Defendants argue that a single trial is necessitated by 15 U.S.C. section 78u-4(f)(3)(A) of the Exchange Act, which states:

> In any private action, the court shall instruct the jury to answer special interrogatories . . . with respect to each covered person and each of the other persons claimed by any of the parties to have causes or contributed to the loss incurred by the plaintiff, including persons who have entered into settlements with the plaintiff or plaintiffs, concerning –
>
> **(i)** whether such person violated the securities laws;
>
> **(ii)** the percentage of responsibility of such person, measured as a percentage of the total fault of all persons who caused or contributed to the loss incurred by the plaintiff; and

---

[1] Hyman Lippitt Defendants include all Defendants with the exception of Terry Givens.

**(iii)** whether such person knowingly committed a violation of the securities laws. 17 U.S.C. § 78u-4(f)(3)(A).

After careful consideration of the arguments, the Court believes that the decision to bifurcate is premature. This issue can be addressed at pre-trial.

Accordingly,

**IT IS ORDERED**, that is Plaintiffs' Motion for Separate Trial of Claims Asserted in First Amended Complaint from Claims Asserted in Counter and Third-Party Complaint is **DENIED WITHOUT PREJUDICE**.

                            s/PATRICK J. DUGGAN
                            UNITED STATES DISTRICT JUDGE

Copies to:
James B. Eggenberger, Esq.
Andrew H. Wilson, Esq.
Susan Brown, Esq.
Jay Schwartz, Esq.
Rodger D. Young, Esq.
T.S. Givens, Esq.
Jack Mazzara, Esq.
Thomas Blaske, Esq.
Neil Vonfeldt
Michael Baratta