UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK BURKET, et al.,
    Plaintiffs,
v.

HYMAN LIPPITT, P.C., et al.,
    Defendants,
and

HYMAN LIPPITT, P.C.,
    Third-Party Plaintiff,
v.                                                                          Case No. 05-72110
                                                  Honorable Patrick J. Duggan
KEITH MOHN, et al.,
    Third-Party Defendants,
and

KEITH MOHN,
    Third-Party Counter-Plaintiff,
v.

HYMAN LIPPITT, P.C.,
    Third-Party Counter-Defendant.
_____/

## OPINION AND ORDER GRANTING HYMAN LIPPITT, P.C.'S MOTION FOR PARTIAL DISMISSAL OF KEITH MOHN'S OCTOBER 10, 2006 COUNTER-COMPLAINT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 21, 2007.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

This matter is before the Court in three separate, but related lawsuits alleging

Exchange Act and state law violations: *Burket et al. v. Hyman Lippitt, P.C. et al.*, Case

No. 05-72110; *Adams et al. v. Hyman Lippitt, P.C. et al.*, Case No. 05-72171; and *Cliff et al. v. Hyman Lippitt P.C., et al.*, Case No. 05-72221. Presently before this Court is Third-Party Counter-Defendant Hyman Lippitt, P.C.'s ("Hyman Lippitt") Motion for Partial Dismissal of Keith Mohn's ("Mohn") October 10, 2006 Counter-Complaint, which was brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and filed on October 30, 2006.[1] Mohn has not filed a response to Hyman Lippitt's motion and the time for a response has expired. *See* E.D. Mich. L.R. 7.1(d)(1)(B).

## I. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In deciding such a motion, "a district court must accept as true all allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff." *Kottmyer v. Mass*, 436 F.3d 684, 688 (6th Cir. 2006). While liberal, this standard of review requires "more than the bare assertion of legal conclusions," *Columbia Natural Res. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995), and the district court need not accept as true "unwarranted factual inferences." *Kottmyer*, 436 F.3d 688. Ultimately, a court should not grant a 12(b)(6) motion unless the movant shows "beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## II. Discussion

---

[1] Although Mohn's Counter-Complaint bears the caption of all three cases, it was filed in the *Burket* case only.

Mohn's Counter-Complaint contains a single count for legal malpractice against Hyman Lippitt. Hyman Lippitt asserts two separate grounds for partial dismissal of the Counter-Complaint. First, it contends that many of the allegations contained in the Counter-Complaint assert the legal rights and interests of others and, thus, must be dismissed for lack of standing. Second, Hyman Lippitt argues that portions of Mohn's legal malpractice claim are barred by the statute of limitations. The Court will address each of these arguments separately to determine if dismissal is warranted pursuant to Rule 12(b)(6).

**A.   Standing**

Hyman Lippitt contends that many of the allegations in Mohn's Counter-Complaint are based on the legal rights and interests of other persons or entities and not those of Mohn. The following elements are necessary to state a claim for legal malpractice: "(1) the existence of an attorney-client relationship; (2) negligence in the legal representation of the plaintiff; (3) that the negligence was the proximate cause of an injury; and (4) the fact and extent of the alleged injury." *Manzo v. Petrella and Petrella & Assoc., P.C.*, 261 Mich. App. 705, 712 (2004)(citing *Charles Reinhard Co. v. Winiemko*, 444 Mich. 579, 585-86, 513 N.W. 2d 773, 775 (1994)). Thus, in order to properly state a legal malpractice claim, Mohn must assert that Hyman Lippitt was negligent in the legal representation of him and that this negligence caused his injuries. *See id.*

Hyman Lippitt challenges the allegations contained in paragraphs 8-12, 19-23, 29, 33, 42-44, 68, 71, and 79I.-J. of Mohn's Counter-Complaint, which purportedly allege

that Hyman Lippitt negligently performed its obligations to individuals and entities other than Mohn. Hyman Lippitt contends that these allegations do "not allege that Givens took any of these actions at Mohn's request, or that Givens was in any way representing Mohn when he was allegedly involved in any of these activities." (Hyman Lippitt's Br. at 7). Hyman Lippitt also challenges the allegations contained in paragraphs 24-25, 27-33, 51-52, 54-55, 67, 72-75, and 79 of Mohn's Counter-Complaint, because, as they argue, they attempt to ground liability on Hyman Lippitt's alleged misrepresentations and omissions to Agave investors, and not Mohn.

After reviewing the allegations selected by Hyman Lippitt and set forth above, this Court agrees that these allegations assert the legal rights of others. In order to state a claim for legal malpractice, one must assert an injury he or she suffered from the negligent representation of his or her attorney. *See Manzo v. Petrella and Petrella & Assoc., P.C.*, 261 Mich. App. 705, 712 (2004)(citing *Charles Reinhart Co. v. Winiemko*, 444 Mich. 579, 585-86, 513 N.W. 2d 773, 775 (1994)). Therefore, to the extent that the allegations set forth above assert that Hyman Lippitt was negligent in the representation of individuals or entities other than Mohn, they fail to state a claim for legal malpractice.

### B. Statute of Limitations

Hyman Lippitt also contends that significant portions of Mohn' legal malpractice claim are time barred. In Michigan, the statute of limitations for a legal malpractice claim is measured in two ways. Under the first measure, a claim must be brought within two years after the attorney discontinues serving the plaintiff as to the matters out of which

4

the claims for malpractice arose. MICH. COMP. LAWS ANN. §§ 600.5805(6); 600.5838(1). Alternatively, a malpractice claim against an attorney must be brought within six months after the plaintiff discovers, or should have discovered, the existence of the claim. MICH. COMP. LAWS ANN. § 600.5838(2).

The Counter-Complaint alleges the following:

> 6. Through Givens, Hyman Lippitt had represented Keith Mohn from 1998 through early 2002, and, following Givens' departure from Hyman Lippitt, again represented Keith Mohn from approximately August 2002 to approximately April 2005.

(Mohn's Counter-Compl. ¶6). In addition, the Counter-Complaint alleges that Givens left Hyman Lippitt in June 2002. (*Id.* ¶57).

Hyman Lippitt argues that these allegations should be read as two different periods of representation, the first being from 1998 to early 2002 and the second being August 2002 to approximately April 2005. Hyman Lippitt contends that the first alleged period of representation, from 1998 through early 2002, should be dismissed because (1) it was not brought within two years after Hyman Lippitt, through Givens, represented Mohn and (2) it was not brought within six months from when Mohn discovered or should have discovered the existence of any legal malpractice claim.

First, this Court agrees that Mohn's malpractice claim for the first period of representation was not brought within the two-year limitations period. As alleged in the Counter-Complaint, Givens left his employment with Hyman Lippitt in June 2002. (Mohn's Counter-Compl. ¶57). Any legal representation by Hyman Lippitt, through

5

Givens, must have ended in June 2002. Mohn did not bring his legal malpractice claim until October 10, 2006, well beyond the expiration of the two-year limitations period. Thus, the first period of representation is barred by the two-year limitation period.

This Court also agrees that Mohn's legal malpractice claim based on the first period of representation is barred under the six-month discovery rule. "[T]he standard under the discovery rule is not that the plaintiff knows of a 'likely' cause of action. Instead, a plaintiff need only discover that he has a 'possible' cause of action." *Gebhart v. O'Rourke*, 444 Mich. 535, 544, 510 N.W. 2d 900, 904 (1994); *see also Solowy v. Oakwood Hosp. Corp.*, 454 Mich. 214, 221-23, 561 N.W. 2d 843, 847 (1997)("Once a plaintiff is aware of an injury and its possible cause, the plaintiff is equipped with the necessary knowledge to preserve and diligently pursue his claim.").

In addition to containing allegations of Givens's alleged misdeeds in the representation of Mohn, the Counter-Complaint contains the following allegations this Court believes are pertinent in determining when Mohn discovered, or should have discovered, his alleged malpractice claim and its possible cause:

> 59. In August 2002, the SEC subpoenaed Mohn.
> 60. Following his testimony on October 18, 2002, Mr. Mohn informed John Sellers, an attorney at Hyman Lippitt, of the general substance of the SEC's questions.
> 61. On November 22, 2002, the SEC filed suit against Mohn in this Court alleging that the issuance of Agave shares violated both the registration and anti-fraud provisions of the federal securities laws. SEC v Mohn, File No. 02-74634.

(Counter-Compl. ¶¶59-60). This Court believes that based on these allegations Mohn discovered, or should have discovered, a possible cause of action for legal malpractice against Hyman Lippitt when the SEC initiated an action against him. Because this Court believes that Mohn's legal malpractice claim with respect to Hyman Lippitt's representation, through Givens, from 1998 through early 2002 should have been discovered at the latest on November 22, 2002, Mohn's claim is also barred by the six-month discovery rule.

Hyman Lippitt does not move to dismiss the allegations arising from the second period of representation, "from approximately August 2002 to approximately April 2005." (Mohn's Counter-Compl. ¶6). Thus, any allegations pertaining to Hyman Lippitt's alleged legal malpractice during the second period of representation remain.

Accordingly,

**IT IS ORDERED**, that Counter-Defendant's Motion for Partial Dismissal of Keith Mohn's October 10, 2006 Counter-Complaint is **GRANTED**.

                                         s/PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copies to:
James B. Eggenberger, Esq.
Andrew H. Wilson, Esq.
Jay A. Schwartz, Esq.
Susan Brown, Esq.
Thomas Blaske, Esq.
Rodger D. Young, Esq.
Steven C. Susser, Esq.
T.S. Givens, Esq.

Jack J. Mazzara, Esq.