# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JACK BURKET,** et al., | **CIVIL ACTION NOS.** | **05-72110** |
| **JENNIFER ADAMS,** et al., | | **05-72171** |
| **WILLIAM CLIFF,** et al., | | **05-72221** |
| Plaintiffs, | | |
| VS. | **DISTRICT JUDGE PATRICK J. DUGGAN** | |
| **HYMAN LIPPITT, P.C.,** et al., | **MAGISTRATE JUDGE MONA K. MAJZOUB** | |
| Defendants. | | |

## OPINION AND ORDER DENYING HYMAN LIPPITT DEFENDANTS' MOTION TO EXTEND NUMBER OF INTERROGATORIES
## AND
## DENYING PLAINTIFFS' MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS

These actions are closely related and allege securities fraud involving Hyman Lippitt, P.C., and its lawyers. The Hyman Lippitt Defendants moved on August 2, 2007 to extend the number of Interrogatories they may serve pursuant to Fed. R. Civ. P. 33. (Docket no. 206).[1] The Mohns filed a Response on August 14, 2007. (Docket no. 219). In addition, Plaintiffs filed a Response on August 16, 2007. (Docket no. 220). Plaintiffs filed a Motion for Order Compelling Production of Documents on July 10, 2007. (Docket no. 194). The Hyman Lippitt Defendants filed a Response on July 27, 2007. (Docket no. 203). These matters have been referred to the undersigned for decision. (Docket nos. 195, 207). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These two motions are now ready for ruling.

---

[1] Citations to the record will be to Case No. 05-CV-72110, unless otherwise noted.

Rule 33(a), Fed. R. Civ. P., limits the number of interrogatories that a party may serve upon any other party to 25, including discrete subparts, without leave of court or written stipulation. The Hyman Lippitt Defendants seek leave of court to extend this number. They ask that the Court order that Plaintiffs as a group respond to an additional 50 interrogatories, that the principal Defendants as a group respond to an additional 50, and that the Third-Party Defendants and the Counter-Defendants as a group respond to an additional 50 interrogatories. Defendants argue that these extensions are warranted because of the numerous parties in these actions, the numerous counts alleging securities law violations, fraud, breach of fiduciary duty and conspiracy, the fact that not all parties are Michigan residents, and because the interrogatories served to date have addressed relevant issues in the case. Plaintiffs, and Counter/Third-Party Defendants Keith and Laurence Mohn, oppose this motion.

The party seeking leave to serve more than 25 interrogatories must make a particularized showing why the discovery is necessary. *Duncan v. Paragon Publ'g, Inc.,* 204 F.R.D. 127, 128 (S.D. Ind. 2001). An important factor in the Court's consideration of such a request is whether the party has shown the specific content of the additional interrogatories that it seeks to serve. *Capacchione v. Charlotte-Mecklenburg Schs.,* 182 F.R.D. 486, 492 (W.D.N.C. 1998).

Defendants have not made a particularized showing why the additional 50 interrogatories are necessary. They fail to present any proposed interrogatories or discuss the subject matter upon which they need to further inquire. Although Defendants contend that more interrogatories will reduce the cost of depositions, Plaintiffs and the Third-Party Defendants convincingly argue that depositions would be an easier and more cost-efficient method to get the information. Finally, the deadline for discovery in these actions is August 31, 2007. Defendants' request therefore comes very close to the scheduled close of discovery and an additional 50 interrogatories present a substantial burden to the parties

2

answering the interrogatories. The granting of Defendants' motion would not be consistent with the principles of Fed. R. Civ. P. 26(b)(2). Defendants' motion will therefore be denied.

Plaintiffs' Motion for Order Compelling Production of Documents is also before the Court. They seek to compel the Hyman Lippitt Defendants to produce documents relating to the bills and/or billing statements of Hyman Lippitt, P.C., to listed persons and entities (Request nos. 1-3 of Plaintiffs' First Request for the Production of Documents to the Hyman Lippitt Defendants) and to compel the production of documents printed out or recovered from the hard drive of the computer of Terry Givens which Hyman Lippitt, P.C. allegedly searched and from which it allegedly copied files (Request No. 1 of Plaintiffs' Second Request for the Production of Documents).

Rule 37, Fed. R. Civ. P., allows the Court to order a party to disclose withheld information. However, a party is not obligated to produce documents that it does not possess or control. *See* Fed. R. Civ. P. 34(a); *Shcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130, 138 (2nd Cir. 2007). The Court cannot compel the production of documents based solely on the opposing speculation and belief that responsive documents exist and that the producing party is withholding them. *University of Kansas v. Sinks*, 2007 WL 869629 at *3 (D. Kan. Mar. 22, 2007).

Defendant Hyman Lippitt, P.C., has shown that it has produced all of the billing records that are available from its computer system. Plaintiffs acknowledge that they have received some documents but argue that these were only "pre-bills" and that some of these documents fail to show the identity of the specific employee who rendered the services. However, Defendant shows by the affidavit of its office manager that these are the only records that can be printed from the Hyman Lippitt computer system. The manager explains that the software used by the firm prior to January 2004, and standard billing practices before that time, are responsible for the initials of former employees being replaced with a designation for the firm, "FRM," in the billing records generated prior to January 2004. Under the

3

newer software and practices, this replacement when an employee leaves the firm is not necessary. Plaintiffs have not shown that Defendant is withholding any billing documents. Their motion to compel will therefore be denied.

Turning now to Givens' computer records, Givens stated during his deposition that Hyman Lippitt, P.C. searched and copied his computer's hard drive upon his separation from the firm. Plaintiffs argue from this statement that Defendants possess documents printed out from Givens' computer that they are withholding. Defendants respond that they have produced the documents that were printed, but there was no wholesale printing of all of the information on Givens' computer. Givens' deposition testimony does not show that Defendants printed voluminous amounts of information from his computer. Plaintiffs can only speculate that there are more documents printed from Givens' computer than Defendants have produced. This is not a sufficient basis on which to grant Plaintiffs' motion to compel. *See University of Kansas,* 2007 WL 869629.

**IT IS THEREFORE ORDERED** that the Hyman Lippitt Defendants' Motion to Extend Number of Interrogatories (No. 05-72110, docket no. 206; No. 05-72171, docket no. 210; No. 05-72221, docket no. 186) is **DENIED.**

**IT IS FURTHER ORDERED** Plaintiffs' Motion for Order Compelling Production of Documents (No. 05-72110, docket no. 194; No. 05-72171, docket no. 197; No. 05-72221, docket no. 176) is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: August 23, 2007                s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: August 23, 2007                s/ Lisa C. Bartlett
                                      Courtroom Deputy