UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK BURKET, et al.,                       Case No. 05-72110
JENNIFER ADAMS, et al.,                    Case No. 05-72171
WILLIAM CLIFF, et al.,                     Case No. 05-72221

    Plaintiffs,

                                                                Honorable Patrick J. Duggan

v.

HYMAN LIPPITT, P.C., et al.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART HYMAN LIPPITT'S MOTION TO VACATE
OR, IN THE ALTERNATIVE, RECONSIDER FOOTNOTE 8
OF THIS COURT'S APRIL 23, 2008 OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 17, 2008.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

This matter is before the Court on Hyman Lippitt P.C.'s[1] "Motion to Vacate (or for Reconsideration of) Footnote 8 of April 23, 2008 Opinion and Order," which was filed on May 7, 2008. Plaintiffs filed a response to Hyman Lippitt's motion on May 22, 2008, to which Hyman Lippitt replied on May 27, 2008. For the reasons set forth below, Hyman Lippitt's motion will be granted in part and denied in part.

---

[1] For ease of reference, the Court will refer to Hyman Lippitt, P.C. as "Hyman Lippitt."

The above-captioned matters are three separate but related lawsuits alleging Exchange Act and state law violations: *Burket, et al. v. Hyman Lippitt, et al.*, Case No. 05-72110; *Adams, et al. v. Hyman Lippitt, et al.*, Case No. 05-72171; and *Cliff, et al. v. Hyman Lippitt P.C., et al.*, Case No. 05-72221. On April 23, 2008, this Court issued an Opinion and Order granting in part and denying in part the Hyman Lippitt Defendants'[2] motions for summary judgment. The Court, in its April 23, 2008 Opinion and Order, held that genuine issues of material fact precluded summary judgment in favor of Hyman Lippitt as to Plaintiffs' omission-based securities fraud claims under § 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5. (*Burket* Doc. No. 300, 4/23/08 Op. & Or. at 31.) At issue in Hyman Lippitt's present motion is footnote 8 of this Court's April 23, 2008 Opinion and Order (hereinafter referred to as "footnote 8"), which stated:

> Although never explicitly addressed by the HL Defendants or Plaintiffs in their briefs that were filed with respect to the HL Defendants' motions for summary judgment, the doctrine of respondeat superior applies in federal securities fraud cases. In a very recent case, the Seventh Circuit held that although the Supreme Court rejected aider and abetter liability for private civil claims of securities fraud brought under § 10(b) and Rule 10b-5 in *Central Bank, N.A. v. First Interstate Bank, N.A.*, 511 U.S. 164, 114 S. Ct. 1439 (1994), "the doctrines of respondeat superior and apparent authority remain applicable to suits for securities fraud." *Makor Issues & Rights, Ltd. v. Tellabs Inc.*, 513 F.3d 702, 708 (7th Cir. 2008)(Posner, J.). In these cases, there is no dispute that the alleged wrongful actions taken by Givens were done while he was acting within

---

[2]The "Hyman Lippitt Defendants" include Hyman Lippitt, Norman Lippitt, Douglas Hyman, Brian O'Keefe, and John Sellers. The Court will sometimes refer to the "Hyman Lippitt Defendants" as the "HL Defendants" in this Opinion and Order.

> his scope of employment. Consequently, if the Plaintiffs can prove that Givens is liable for securities fraud, Hyman Lippitt, the law firm that employed Givens during the time he engaged in the alleged fraudulent acts, can be held liable for securities fraud under the doctrine of superior.

(*Id.* at 18 n.8.)

Hyman Lippitt moves the Court to "vacate this footnote, or alternatively to reconsider and modify the conclusions reached in this footnote." (HL's Mot. ¶ 6.) Hyman Lippitt asserts the following seven reasons why it believes the Court should vacate footnote 8:

> (A) The issue of respondeat superior was not raised by either party in its briefs (that is, neither party moved for a determination of whether Hyman Lippitt might be liable under the doctrine of respondeat superior for any violation of § 10(b)/Rule 10b-5 violation that might have been committed by Mr. Givens)[;]
>
> (B) Hyman Lippitt had no notice that the Court was even considering this issue at this time[;]
>
> (C) The issue of respondeat superior in these cases is not yet ripe for decision, (particularly in light of the fact that the Court has been required to consider the motions filed to date in the light most favorable to the *Plaintiffs*, and the Defendants have not been afforded a chance to put forth their evidence)[;]
>
> (D) The opinion does not make clear what "alleged wrongful actions" the Court is referring to, when it concludes that there is no dispute that such actions by Givens were taken while he was acting within the scope of his employment;
>
> (E) [T]he issue of whether all of Givens' alleged wrongful actions were "done while he was acting within the scope of employment" is indeed disputed;
>
> (F) [T]he quote from <u>Makor Issues & Rights, Ltd. v. Tellabs,</u>

3

> Inc., 513 F.3d 702, 708 (7th Cir. 2008) included in footnote 8 is taken out of context; and
>
> (G) [T]he law as to whether respondeat superior applies to § 10(b) and Rule 10b-5 for the purpose of determining liability is unsettled in the Sixth Circuit.

(*Id.*)

In their response brief, Plaintiffs argue that "[t]he Court's finding [in footnote 8] was entirely proper and within the scope of Fed. R. Civ. P. 56(d)(1) as a[n] exercise of the Court's power to determine to the extent practicable, what material facts are not genuinely at issue." (Pls.' Resp. Br. at 2.) Plaintiffs contend that they briefed the issue of whether Hyman Lippitt could be held liable for the securities fraud of Givens. In addition, Plaintiffs assert that they "demonstrated through the bills for services rendered by Hyman Lippitt to the various entities involved in the scheme, and the deposition testimony of Mr. Givens, Mr. Sellers and Tracey Batey, that all of the acts and/or omissions on which liability is predicated here were committed within the course and scope of Givens' employment by Hyman Lippitt." (*Id.*) Moreover, according to Plaintiffs, the Court's decision that respondeat superior applies in federal securities fraud cases is supported by precedent outside the Sixth Circuit, including the Seventh Circuit's decision in *Tellabs, Inc.*

Although Hyman Lippitt lists seven reasons why it believes the Court should vacate footnote 8, this Court believes that on a more basic level Hyman Lippitt argues that it was improper for the Court to make the legal and factual conclusions in footnote 8. (*See* Hyman Lippitt's Br. at 1 (setting forth "findings" made in footnote 8).) Rather than

4

address each of the seven reasons proffered by Hyman Lippitt, the Court will tailor its analysis, and address Hyman Lippitt's arguments as they apply, to the legal and factual conclusions contained in footnote 8.

The legal conclusion contained in footnote 8 is that "'the doctrines of respondeat superior and apparent authority remain applicable to suits for securities fraud.'" (4/23/08 Op. & Or. at 18 n.8 (quoting *Tellabs, Inc.*, 513 F.3d at 708).) In its present motion, Hyman Lippitt argues that this finding was inappropriate because the Court's quote from *Tellabs, Inc.* was taken out of context and because the law as to whether respondeat superior applies to § 10(b) and Rule 10b-5 claims for the purposes of determining liability is unclear in the Sixth Circuit. Plaintiffs, on the other hand, argue that the Court's legal conclusion that respondeat superior applies in § 10(b) and Rule 10b-5 cases is in line with precedent from other courts.

The Sixth Circuit has not yet determined whether respondeat superior applies in § 10(b) and Rule 10b-5 cases after the Supreme Court decided that there is no aider and abettor liability for private civil claims of securities fraud under § 10(b) and Rule 10b-5 in *Central Bank, N.A. v. First Interstate Bank, N.A.*, 511 U.S. 164, 114 S. Ct. 1439 (1994). Moreover, regardless of whether *Tellabs, Inc.* can be construed as holding that respondeat superior and apparent authority remain applicable to securities fraud cases under § 10(b) and Rule 10b-5, other courts post-*Central Bank* have concluded as a matter of law that respondeat superior applies in private civil claims for securities fraud under § 10(b) and

Rule 10b-5.[3] This Court continues to find the cases holding that respondeat superior applies in private civil actions for securities fraud under § 10(b) and Rule 10b-5 persuasive. Consequently, to the extent that it requests that the Court vacate its finding that respondeat superior applies in private civil actions for securities fraud under § 10(b) and Rule 10b-5, Hyman Lippitt's motion to vacate will be denied.

Hyman Lippitt also challenges the factual findings in footnote 8, namely that "there is no dispute that the alleged wrongful actions taken by Givens were done while he was acting within his scope of employment." (4/23/08 Op. & Or. at 18 n.8.) In arguing that it was improper to make such a finding, Hyman Lippitt points out that the Court made this decision *sua sponte* without notice to the parties. The Court agrees with Hyman Lippitt and finds that it was improper for the Court to effectively grant summary judgment on the issue of whether Givens was acting within the scope of his employment with Hyman Lippitt when he allegedly committed securities fraud. This Court also believes that Plaintiff's reliance Rule 56(d)(1)[4] is misplaced because there appears to be a dispute as to

---

[3] *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 380 (5th Cir. 2004)(concluding that where the plaintiffs' allegations were sufficient to create a strong inference of the requisite scienter as to a corporate-officer defendant, the corporation could be held liable under respondeat superior); *Republic Prop. Trust v. Republic Props. Corp.*, 540 F. Supp. 2d 144, 160 (D.D.C. 2008); *In re Parmalat Sec. Litig.*, 474 F. Supp. 2d 547, 553 (S.D.N.Y. 2007)("[T]here is strong reason to conclude that *respondeat superior* liability exists in appropriate securities fraud cases without regard to whether the facts or the doctrine is characterized best as traditional or novel. But there ultimately is no need to decide that issue."); *Wheaton v. Mathews Holmquist & Assocs.*, No 94 C 1134, 1996 U.S. Dist. LEXIS 12514, at *68 (N.D. Ill Aug. 28, 1996)(finding that "common law principles of vicarious liability apply in securities fraud cases")(citations omitted).

[4] Rule 56(d)(1) of the Federal Rules of Civil Procedure provides:

whether Givens was acting within the scope of his employment when he allegedly committed securities fraud. Therefore, the Court will vacate footnote 8 to the extent that it made a factual finding that Givens was acting in the scope of his employment with Hyman Lippitt when he allegedly committed the acts of securities fraud at issue in these cases. This is an issue for trial.

Accordingly,

**IT IS ORDERED** that Hyman Lippitt's "Motion to Vacate (or for Reconsideration of) Footnote 8 of April 23, 2008 Opinion and Order" is **GRANTED IN PART AND DENIED IN PART** as follows.

**IT IS ORDERED** that footnote 8 of this Court's April 23, 2008 is **VACATED** to the extent that it made a finding that Defendant Terry Givens was acting within the scope of his employment when he allegedly committed the securities fraud at issue in these cases.

**IT IS FURTHER ORDERED** that Hyman Lippitt's motion is **DENIED** to the extent that it requests that the Court vacate its finding that the doctrine of respondeat superior applies in private civil actions of securities fraud under § 10(b) and Rule 10b-5.

---

> If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The Court should so determine by examining the pleadings and evidence before it, and by interrogating the attorneys. It should then issue an order specifying what facts–including items of damages or other relief– are not genuinely at issue. The facts so specified must be treated as established in the action.

s/PATRICK J. DUGGAN
                                    UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record